IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. PALMA,<br><br>   Plaintiff,<br><br> v.<br><br>PRUDENTIAL INSURANCE COMPANY,<br>COMMISSIONER OF THE CALIFORNIA<br>DEPARTMENT OF INSURANCE, and DOES 1-50,<br><br>   Defendants.<br>_____/ | No. 11-00957 CW<br><br>ORDER GRANTING<br>PLAINTIFF'S MOTION<br>FOR REMAND AND<br>DENYING PLAINTIFF'S<br>REQUEST FOR<br>ATTORNEYS' FEES |

  Plaintiff Miguel A. Palma moves to remand this removed action to state court and requests attorneys' fees and costs.  Defendant Prudential Insurance Company opposes the motion.  Having considered all of the papers filed by the parties, the Court grants Plaintiff's motion for remand and denies Plaintiff's request for attorneys' fees and costs.

BACKGROUND

  Plaintiff filed this case in state court alleging that Prudential wrongfully denied benefits owing to him under his long

1  term disability insurance policy, when he became disabled from his
2  occupation as a certified public accountant.  Plaintiff also
3  alleges that Prudential violated California Insurance Code
4  § 790.03(h)(1)[1] by knowingly misrepresenting the correct definition
5  of "total disability" to California claimants, including Plaintiff.

7  Plaintiff asserts claims against Prudential for breach of
8  contract, breach of the covenant of good faith and fair dealing,
9  intentional misrepresentation and intentional infliction of
10 emotional distress.  In the same complaint, Plaintiff seeks a writ
11 of mandate against the Commissioner of the California Department of
12 Insurance, under California Insurance Code § 10290, which requires
13 the Commissioner to review and approve all disability insurance
14 policies sold, issued or delivered in California; California
15 Insurance Code § 10291.5, which provides standards for the
16 Commissioner's approval of insurance policies; and California
17 Insurance Code § 12926, which provides that the Commissioner shall
18 require insurers to comply with all provisions of Insurance Code.
19 Plaintiff seeks a mandate compelling the Commissioner (1) to
20 discharge a duty under § 10291.5 to determine whether his policy
21 should be revoked or reformed in accordance with California law and
22 (2) to revoke and or reform the definition of total disability in
23 the policy.
24 Prudential removed this action to federal court on the basis

---

[1] California Insurance Code § 790.03(h)(1) prohibits insurers from misrepresenting to claimants pertinent facts of insurance policy provisions.

2

of diversity jurisdiction, claiming that there is complete diversity between the parties once the citizenship of the Commissioner is disregarded because he is a sham defendant. Plaintiff moves to remand, arguing that the Commissioner is not a sham defendant, and seeks to recover his attorneys' fees and costs incurred as a result of the removal.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations omitted).

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

A non-diverse party named in a complaint can be disregarded for purposes of determining whether diversity jurisdiction exists if a district court determines that the party's inclusion in the

3

action is a "sham" or "fraudulent."  McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  Id.  The defendant need not show that the joinder of the non-diverse party was for the purpose of preventing removal.  The defendant need only demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.  Id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).  However, there is a presumption against finding fraudulent joinder and defendants who assert it have a heavy burden of persuasion.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

                                DISCUSSION

    The parties do not dispute that Plaintiff and Prudential are citizens of different states.  Therefore, the issue is whether the Commissioner's presence as a defendant defeats diversity jurisdiction.  Prudential argues that, under California law, Plaintiff cannot petition for a writ of mandate against the Commissioner and, even if he can do so, the Commissioner's presence does not defeat diversity.

I. Petition for Writ of Mandate Against Commissioner

    The issuance of a disability policy in California requires approval from the Commissioner.  Van Ness v. Blue Cross of California, 87 Cal. App. 4th 364, 368 (2001); see also Cal. Ins. Code § 10290.  The Commissioner may give explicit endorsement to a

4

policy by "written approval" or implicit consent by failing to act within thirty days of receipt of the copy of the policy that must be sent to the Commissioner by the insurer. Id. The Commissioner may also, with good cause, revoke approval for any policy that does not comply with the California Insurance Code. 10 Cal. Code Regs. § 2196.4(a).

Section 10291.5(b)(1) of the California Insurance Code provides that the Commissioner:

> shall not approve any disability policy for insurance . . . if he finds that it contains any provision . . . which is unintelligible, uncertain, ambiguous, or abstruse, or likely to mislead a person to whom the policy is offered, delivered or issued.

The purpose of § 10291.5(b) is to prevent fraud and unfair trade practices and to insure that the language of all insurance policies can be readily understood and interpreted. Cal. Ins. Code § 10291.5(a). Under § 12921.5(a), the Commissioner has an obligation to fulfill the duties imposed by the Insurance Code. Peterson v. American Life & Health Ins. Co., 48 F.3d 404, 410 (9th Cir. 1995).

The Code also provides that "the commissioner shall require from every insurer a full compliance with all the provisions of the code." Cal. Ins. Code § 12926. The Commissioner's actions are subject to judicial review. Cal. Ins. Code §§ 12940; 10291.5(h).

Under California law, a writ of mandate may be issued by a court to any inferior tribunal . . . to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust or station." Cal. Civ. Proc. Code § 1085(a); see also Cal. Civ. Pro. Code § 1094.5 (providing procedures for

mandamus actions). Section 1085(a) permits judicial review of ministerial duties as well as quasi-legislative acts of public agencies. Schwartz v. Poizner, 187 Cal. App. 4th 592, 596 (2010). A mandamus court may "compel the performance of a clear, present, and ministerial duty where the petitioner has a beneficial right to performance of that duty." Id. Mandamus may also issue to correct the exercise of quasi-legislative discretionary power, but only if the action taken is so unreasonable and arbitrary that abuse of discretion is shown as a matter of law. Id. (citing Carrancho v. California Air Resources Bd., 111 Cal. App. 4th 1255, 1264-65 (2003)).

Plaintiff seeks a mandate that the Commissioner exercise discretion to determine if his policy should be reformed or revoked so as to conform to California law or, if the Court finds the Commissioner abused his discretion in approving his policy, to compel the Commissioner to reform it so that it conforms to California law. Pursuant to the above authority, this relief is properly sought in a mandamus action. Prudential, however, argues that Plaintiff cannot obtain the mandamus relief that he seeks. Citing Schwartz, Prudential argues that the Commissioner's enforcement duties are not ministerial, but are discretionary and, as such, are not subject to mandamus review.

In Schwartz, the court explained:

> A ministerial act is an act that a public officer is required to perform in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning such act's propriety or impropriety, when a given state of facts exists. . . . Thus, where a statute or ordinance clearly defines the specific duties or course of conduct that a

6

> governing body must take, that course of conduct becomes mandatory and eliminates any element of discretion.

187 Cal. App. 4th at 596-97. The court held that mandamus relief was not available under §§ 12921[2] and 12926 of the Insurance Code, even though they state that the Commissioner shall take enforcement actions against certain insurer misconduct. Id. The court reasoned that the Commissioner's enforcement acts are not ministerial because other provisions of the Insurance Code indicate that the Commissioner has discretion to pursue particular remedies. Id. at 597. Prudential argues that the insurance statutes relied upon by Plaintiff also authorize the Commissioner to take enforcement action as a matter of discretion and, thus, are not subject to mandamus review.

In Common Cause of Cal. v. Bd. of Supervisors, 49 Cal. 3d 432, 442 (1989), the California Supreme Court explained that, although mandamus will not lie to control an exercise of discretion--that is, to compel an official to exercise discretion in a particular manner--mandamus may issue to compel an official both to exercise discretion, if required by law to do so, and to exercise it under a proper interpretation of the law. In its opinion, the Schwartz court did not address the distinction made in Common Cause. Plaintiff is not requesting that the Court order the Commissioner to exercise discretion in a particular manner. He seeks an order requiring that the Commissioner use the authority granted in California Insurance Code §§ 23926 and 10291.5(b)(1) to exercise

---

[2] Section 12921 provides, "The commissioner shall perform all duties imposed upon him or her by the provisions of this code . . . and shall enforce the execution of those provisions . . ."

7

discretion to review the allegedly illegal language in the policy. Under Common Cause this relief could properly be sought by way of a writ of mandate.

Furthermore, mandamus lies to correct an abuse of discretion by an official acting in an administrative capacity. Common Cause, 49 Cal. 3d at 442; see also Glendale City Employees' Ass'n, Inc. v. City of Glendale, 15 Cal. 3d 328, 344 n.24 (1975). Relying on California law, the Ninth Circuit has held that, if an insured believes that the Commissioner has abused his or her discretion by approving a policy in violation of the Insurance Code or its implementing regulations, the insured may petition for a writ of mandamus requiring the Commissioner to revoke the approval. Peterson, 48 F.3d at 410. Other cases hold the same. See Contreras v. Metropolitan Life Ins. Co., 2007 WL 4219167, *7 (N.D. Cal.) ("in this circuit, if an insured believes that the Commissioner has abused his discretion by approving a policy in violation of the Insurance Code . . . then he may petition for a writ of mandamus requiring the Commissioner to revoke his approval"); Brazina v. Paul Revere Life Ins. Co., 217 F. Supp. 2d 1163, 1167 (N.D. Cal. 2003) (same); Van Ness, 87 Cal. App. 4th at 371-72 (if insured believes Commissioner has abused discretion in approving a policy in violation of section 10291.5, insured may petition for writ of mandamus requiring Commissioner to revoke approval).

Prudential argues that these prior opinions cannot be followed because they did not have the benefit of the reasoning in Schwartz. In Schwartz, the court explained that, to show an abuse of

8

discretion for purposes of mandamus relief, a claimant must allege that the decision was arbitrary, capricious, unlawful, entirely lacking in evidentiary support, or procedurally unfair. 187 Cal. App. 4th at 615-16. However, Schwartz's statement of the abuse of discretion standard is not new law; for authority it cited Carancho, 111 Cal. App. 4th at 1265, which, in turn, relied on Fullerton Joint Union High Sch. Dist. v. State Bd. of Educ., 32 Cal. 3d 779, 786 (1982). Therefore, the prior cases holding that mandamus is a proper remedy for a claim that the Commissioner abused his or her discretion cannot be distinguished based on any new reasoning in Schwartz.

Based on the weight of authority on this issue, the Court concludes that Plaintiff properly may bring a claim for mandamus relief based on an abuse of the Commissioner's discretion.

II. Bars to Mandamus Relief

Prudential argues that, even if Plaintiff may seek mandamus relief, it is barred because: (1) the Commissioner cannot regulate in-force insurance; (2) the claim was not properly exhausted; (3) the claim is barred by the statute of limitations; and (4) the Commissioner has been misjoined under Federal Rule of Civil Procedure 20.

A. Regulation of In-Force Insurance Policy

Prudential argues that a writ of mandate may not be used to reform or revoke an in-force insurance policy. However, Van Ness, 87 Cal. App. 4th at 371-72, cited by Prudential, stated that "if an insured believes the commissioner has abused his or her discretion in approving a policy in violation of section 10291.5, the insured

9

1  may petition for a writ of mandamus requiring the commission to
2  revoke the approval."  Furthermore, the insurance regulations
3  specifically provide that the Commissioner may revoke a policy if
4  it does not comply with the provisions of the Insurance Code.  10
5  Cal. Code Regs. § 2196.4(a).  Prudential's argument that the
6  Commissioner may not revoke an in-force policy, therefore, is not
7  correct as a matter of settled California law.

      B. Exhaustion of Administrative Remedies

      Prudential argues that Plaintiff's claim for mandamus is barred because he has failed to exhaust available administrative remedies.  Exhaustion of administrative remedies is a prerequisite for state court jurisdiction and, thus, the failure to exhaust may be considered for purposes of determining fraudulent joinder.  Brazina, 271 F. Supp. 2d at 1171.  Exhaustion of administrative remedies does not apply, however, if an administrative remedy is unavailable or inadequate.  Id. (citing Tiernan v. Trustees of Cal. State Univ. & Colls., 33 Cal. 3d 211, 217 (1982)).

      Brazina held that the defendant had not established that there was any administrative appeal process available to challenge the Commissioner's approval of an insurance policy, notwithstanding the public complaint process in § 12921.3 of the Insurance Code.  Id. at 1171; see also Blake v. Unumprovident Corp., 2007 WL 4168235, *3 (N.D. Cal) (ability of an insured to complain under § 12921.3 is not an administrative appeal); Contreras, 2007 WL 4219167, at *6 (same).

      Prudential argues that the Brazina court was incorrect because it did not address all of the statutory avenues for administrative

10

review. However, Brazina specifically addressed and rejected Prudential's argument that §§ 12921.3 and 12921.4, which provide a "process for the public to complain about the conduct of insurers," are a means of administrative appeal. 271 F. Supp. 2d at 1169. Furthermore, Contreras rejected Prudential's argument that Insurance Code §§ 790.04, 790.05, and 790.06 provide a means for an administrative appeal. 2007 WL 4219168, at *6. Likewise, Prudential fails to show how three additional statutes it cites provide an administrative process for an insured who contests the Commissioner's approval of an insurance policy.

Accordingly, Prudential fails to establish that there is an administrative process that Plaintiff could have utilized before proceeding with his mandamus action. Plaintiff, therefore, has not failed, under settled California law, to exhaust administrative remedies.

C. Statute of Limitations

The parties agree that, because the Insurance Code provides no specific statute of limitations for judicial review of an action taken by the Commissioner, see Cal. Ins. Code § 10291.5(h), the appropriate statute of limitations is the three-year limitation provided in California Code of Civil Procedure § 338(a) for "an action upon a liability created by a statute." The parties disagree, however, when the three-year period accrues. Prudential argues that it begins to run at the time a claimant first obtains the policy; Plaintiff argues that it begins to run upon the denial of benefits. The outcome of this dispute is significant because Plaintiff filed his complaint more than ten years after the

11

issuance of the policy, but within two years from the denial of benefits.

No California decisions directly address this issue. However, at least five Northern District courts have addressed the statute of limitations for this precise application of the writ of mandamus. Only one district court found that the statute of limitations began to run on the date of the Commissioner's approval of a policy. See Borsuk v. Massachusetts Mut. Life Ins. Co., No. C-03-630 VRW (N.D. Cal. 2003) (Docket No. 26). The remaining four courts were unwilling to hold that the statutory clock began to run on the date of the Commissioner's approval because the plaintiff may not have sufficient notice of his injury until the insurance company rejects his claim. See Brazina, 271 F. Supp. 2d at 1170-71; Sullivan v. Unum Life Ins. Co. of Amer., 2004 WL 828561, *4 (N.D. Cal.); Glick v. UnumProvident Corp., No. C 03-4025 WHA (N.D. Cal. 2004) (Docket No. 17); Maiolino v. UnumProvident Corp., 2004 WL 941235, *5 (N.D. Cal.).

In Borsuk, the court found that the statute of limitations had expired, summarily concluding that "Borsuk was on notice . . . no later than . . . the date he agreed to the terms of the policy" and that the statute began to run either on the date of that agreement or on the date the Commissioner approved the policy. Borsuk at 18. Because the Borsuk court did not provide the basis for its decision on this matter, the Court finds that decision unpersuasive. Furthermore, subsequent to Borsuk, the same judge decided the same issue in Sukin v. State Farm Mut. Ins. Co., No. C-07-2829 VRW (N.D. Cal. 2007) (Docket No. 27), holding that the plaintiff did not have

12

standing to sue until his claim for insurance benefits had been denied and, therefore, the statute did not begin to run until then.

In <u>Brazina</u>, the court did not address the triggering of the statute of limitations directly, but rejected the defendants' argument that the writ of mandamus was unavailable at any time after the effective date of the Commissioner's decision. Despite the fact that the plaintiff filed suit fourteen years after the issuance of the policy, the <u>Brazina</u> court stated that "it seems likely that a California court would interpret the language [of section 10291.5(h)] to allow this action to proceed." <u>Brazina</u>, 271 F. Supp. 2d at 1171.

<u>Sullivan</u>, <u>Maiolino</u>, and <u>Glick</u> directly addressed the statute of limitations and, finding the issue of when the statute begins to run to be uncertain, construed the ambiguity in favor of granting remand because a cause of action had been stated. In <u>Sullivan</u>, the court concluded, "It seems unfair to hold categorically that Plaintiff had notice of the way defendants would administer the policy before Unum denied him benefits" and decided that remand was appropriate because the complaint had been filed within three years of the denial of benefits. 2004 WL 828561 at *4. <u>Maiolino</u> and <u>Glick</u> adopted similar reasoning. <u>Maiolino</u> 2004 WL 941235 at *5 (granting remand in the absence of well-settled rules of state law on the statute of limitations issue); <u>Glick</u>, at 3-4 (noting that although defendants' contention that statute of limitations had expired might ultimately prevail in state court, they had not met their high burden of establishing absence of viable claim against Commissioner).

13

This reasoning is bolstered by California cases holding that, where it would be manifestly unjust to deprive a plaintiff of a cause of action before it is aware it has been injured, accrual begins when the plaintiff actually discovers its injury and the cause or could have discovered its injury and the cause through reasonable diligence. Mangini v. Aerojet-General Corp., 230 Cal. App. 3d 1125, 1150 (1991). As noted by the Sullivan court, it is doubtful that insurance policy holders would be aware of the harm posed by the Commissioner's approval of ambiguous terms in their policies before they "had notice of the way [insurers] would administer the policy" to deny them benefits. Sullivan, 2004 WL 828561 at *4. Furthermore, it is unreasonable to assume that policy holders would be "put on notice" of the injury caused by the Commissioner's approval of an illegal policy simply by his or her inaction--i.e. failure to disapprove of the policy within thirty days. See Cal. Ins. Code § 10290(b).

These observations are not to suggest that Plaintiff will necessarily succeed in persuading a state court to follow his suggested application of the statute of limitations, but support the conclusion that, on the face of the pleading, Plaintiff's claim for a writ of mandate is not barred by settled California law on the statute of limitations.

D. Misjoinder

Federal Rule of Civil Procedure 20(a)(2) permits the joinder of defendants in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common

14

questions of law or fact. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). "Misjoinder of parties is not ground for dismissing an action." Fed. R. Civ. P. 21. However, if the Rule 20(a) test for permissive joinder is not satisfied, "a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." Coughlin at 1350.

Under California law, defendants may be joined if there is asserted against them:

> (a) (1) Any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action; or
>
> (2) A claim, right or interest adverse to them in the property or controversy which is the subject of the action.
>
> (b) It is not necessary that each defendant be interested as to every cause of action or as to all relief prayed for. . . .

Cal. Code Civ. Proc. § 379.[3]

Prudential argues that Plaintiff cannot meet the first element of Rule 20(a) because, against Prudential, he seeks money damages based upon breach of contract and torts arising from the alleged improper handling of his disability claim and, against the Commissioner, he seeks a writ of mandate ordering the Commissioner

---

[3] The parties both assume Federal Rule of Civil Procedure 20(a) applies. However, in a diversity action, state law may apply. See HVAC Sales, Inc. v. Zurich American Ins. Gp., 2005 WL 2216950, *6 n.13 (N.D. Cal.) (applying state law to similar misjoinder issue); Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1127-28 (E.D. Cal. 2004) (raising question whether state or federal joinder law applies).

15

to exercise discretion and to rescind approval of his policy. Prudential also argues that the second element of Rule 20(a) is not met because there are no questions of law or fact common to the contract and tort claims against it, and the administrative claims against the Commissioner.

In <u>Brazina</u>, the court rejected a similar misjoinder claim, reasoning as follows:

> Since a policy approved by the Commissioner is presumed valid in compliance with section 10291.5, <u>Peterson</u>, 48 F.3d at 410, the outcome of the insurance contract dispute between defendants and Brazina may very well depend on whether the Commissioner will withdraw approval of the policy in question.

271 F. Supp. 2d at 1172.

Likewise, the Court finds that there is sufficient overlap between the claims against Prudential and the Commissioner for joinder to be proper under Rule 20(a). Under California law, the result would be the same because its joinder rule is broader than the federal rule. <u>See</u> <u>Osborn</u>, 341 F. Supp. 2d at 1128.

Therefore, all of Prudential's arguments for barring Plaintiff's mandamus action against the Commissioner fail.

III. Commissioner's Effect on Diversity Jurisdiction

Prudential argues that, even if the Commissioner is a Defendant, this does not affect diversity because the Commissioner has no citizenship for diversity purposes. This argument is based on two premises. First, Prudential correctly points out that the Commissioner, in his or her official capacity, is not a "citizen of California." <u>See</u> <u>Morongo Band of Mission Indians v. California State Bd. of Equalization</u>, 858 F.2d 1376, 1382 n.5 (9th Cir. 1988)

16

(state officers have "no citizenship" for purposes of 28 U.S.C. § 1332). Second, Prudential contends that the Commissioner, as a non-citizen, should be ignored for the purposes of analyzing diversity jurisdiction.

Prudential's argument has no basis in the text of the removal statute or any precedent in this or any other circuit. Although infrequently raised, this argument has been rejected by other courts. Jakoubek v. Fortis Benefits Ins. Co., 301 F. Supp. 2d 1045, 1049 (D. Neb. 2003); Batton v. Georgia Gulf, 261 F. Supp. 2d 575, 583 (M.D. La. 2003).

In Batton, the court rejected an argument identical to that raised by Prudential after examining the diversity statute and concluding, "Nowhere is there any provision allowing diversity jurisdiction where a non-citizen state is a party. Clearly, Congress contemplated the situation of non-citizens and specifically allowed for suits by those non-citizens it thought appropriate." 261 F. Supp. 2d at 582. The court in Jakoubek similarly found the plain language of the statute dispositive, stating:

> 28 U.S.C. § 1332(a)(1) grants federal diversity jurisdiction only when plaintiffs and defendants are citizens of different states. Since the State defendants are not citizens, they and the plaintiff cannot be citizens of different states. If a party is not a citizen of a state at all, then it is not a citizen of a different state and it would be inappropriate to allow that party . . . to be subject to federal jurisdiction based only on diversity of citizenship.

301 F. Supp. 2d at 1049; see also Contreras, 2007 WL 4219167, *4 (no diversity because Commissioner is not a citizen). The Court agrees with the reasoning of the Batton and Jakoubek courts and

17

concludes that diversity jurisdiction does not exist here because of the presence of the Commissioner, a non-citizen, as a Defendant. This case must be remanded.

III. Attorneys' Fees and Costs

On granting a motion to remand, the court may order the defendant to pay the plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

Although the Court was not persuaded by Prudential's arguments, it had an objectively reasonable basis for removal. Therefore, the Court declines to award Plaintiff's attorneys' fees and costs under § 1447(c).

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for remand and denies his request for attorneys' fees and costs. The Clerk of the Court shall remand the case to the Superior Court for the County of San Francisco and close the file in this Court.

IT IS SO ORDERED.

Dated: 5/25/2011

CLAUDIA WILKEN
United States District Judge